**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

METROPOLITAN LIFE INSURANCE,

                          Plaintiff,

    v.                                                  1:20-CV-1351
                                                              (MAD/DJS)

DAVID M. OLIVER, *et al.*,

                          Defendants.

---

**DANIEL J. STEWART**
**United States Magistrate Judge**

**ORDER**

      Presently before the Court are various Motions. Dkt. Nos. 151, 156, 159, 164, 167, 168, 169, and 171. A telephone conference was held, on the record, on January 13, 2022, wherein all parties appeared and had a full opportunity to present their respective positions on the pending Motions, as well as other discovery issues. At the close of argument, I issued a decision on the record, in which, after applying the requisite legal standards, I **granted in part** and **denied in part** the Motions pending before the Court. I also provided further detail regarding my reasoning and addressed the specific issues raised by the parties. A summary of the holdings made by the Court are as follows:

      Initially, the Webb Defendants had filed a Motion for Summary Judgment against the Oliver Defendants. Dkt. No. 166. That Motion was stricken, however, as it failed to

comply with Judge D'Agostino's Rules of Practice which require permission prior to filing any such dispositive motion. *See* Dkt. No. 109. Thereafter, Counsel for the Webb Defendants filed the required letter for permission, Dkt. No. 171, but the Oliver Defendants have objected to the timing of the Motion in light of the outstanding discovery issues. Dkt. Nos. 172, 173. Having reviewed the state of discovery, and in consultation with the District Court, the letter request for permission to file an immediate motion for summary judgment is denied. The Court further grants the request of the Oliver Defendants to extend discovery (Dkt. No. 164) and resets the deadlines as follows: the deadline to complete all expert and factual discovery is extended until April 30, 2022, and the deadline to file dispositive motions is extended to June 17, 2022. If any Defendant wishes to file a dispositive motion after the close of discovery, they are reminded of their obligation both to follow the Local Rules regarding the content of any such motion, *see* L.R. 7.1, and to also seek prior permission from Judge D'Agostino.

For the reasons set forth during the conference, the Oliver Defendants' Second Motion to Compel Discovery, Dkt. No. 151, is granted in part and denied in part. With regard to Interrogatory # 7, the Webb Defendants will update the response to indicate who made the inquiry to MetLife. The responses to Interrogatory ## 13 & 14 were clarified on the record, and those responses therefore stand. Regarding Interrogatory # 27, counsel for the Webb Defendants has agreed to make further inquiry about who chartered the plane that brought Mr. Webb from Niskayuna to Florida on the date in question, and how that was paid for. In connection with the request for production of

correspondence between the Webbs and attorney Arthur Frost, (RFP # 1) to which an attorney-client privilege has been asserted, Attorney Lewis shall provide the Court, on or before January 21, 2022, with the privilege log and the relevant documents for an *in camera* review. Responses to Document Demands ## 6, 7, 8, 14, & 20 have been reviewed by the Court and, considering counsel's confirmation that the only records responsive to these demands have already been provided to the Oliver Defendants, those responses are deemed sufficient. Requests to Produce ## 9 & 10 relate to outstanding medical records or evaluations, including the examining committee reports prepared as part of the Florida guardianship action, and records relating to Dr. Mogul, Dr. Sawyer, and ARNP Patricia Seeman. The Webb Defendants object to production of some of the records upon the grounds that they relate to examinations that occurred in the months *after* the date that the beneficiary form was signed. In the Court's view, however, the records may be relevant, or may lead to relevant information, concerning Decedent Webb's capacity. *Matter of Will of Li*, 72 Misc. 3d 988 (N.Y. Sur. 2021) ("The question of testamentary capacity concerns a person's mental condition at the time of the execution of the will; evidence relating to the condition of the testator before or after the execution is only significant insofar as it bears upon the strength or weakness of the testator's mind at the exact hour of the day of execution."). Accordingly, on or before January 21, 2022, counsel for the Webbs shall provide the Court with copies of the medical and examination documents at issue so that the Court may review them and, if appropriate, provide them to the Oliver Defendants.

The Webb Defendants, for their part, filed a discovery Motion complaining that James Oliver has not provided all the background documentation regarding his Connecticut disbarment. Dkt. No. 156. In addition, the Oliver Defendants are said to have refused to provide requested documentation of communication between themselves regarding expenditure of funds and assets belonging to Decedent Webb, asserting a purported "common interest privilege." As to the disbarment matter, while this topic may be a proper question on cross-examination, *United States v. Weichert*, 783 F.2d 23, 26 (2d Cir. 1986) ("Inquiry into disbarment to impeach credibility generally has been allowed. . ."), the inquiry under FED. R. EVID. 608(b) is limited. The Webb Defendants already possess the court rulings on Mr. James Oliver's loss of his law license, the authenticity of which Mr. Oliver does not dispute. Under the rules of proportional relevancy, therefore, it is not necessary to inquire into each underlying fact of the basis of the disbarment. Accordingly, the Webb Defendants' Motion to Compel this discovery is denied. On the issue of the common interest privilege, the Oliver Defendants are instructed to provide the Court, on or before January 21, 2022, with a detailed privilege log, including an affidavit from legal counsel on the state matter setting forth the nature of the asserted attorney-client privilege, as well as copies of all the withheld documents, for an *in camera* review.

The Court also has before it Defendant James Oliver's Motion to submit interrogatories in excess of the limit prescribed by FED. R. CIV. P. 33(a)(1). Dkt. No. 159. Having considered the nature of the case, and the other discovery options available

to the Oliver Defendants, the Court declines to allow for an exception to the federal rules on this issue, and James Oliver's Motion is therefore denied. In addition, James Oliver has propounded numerous Notices to Admit and maintains that the Responses of the Webb Defendants to those Notices are inadequate. Dkt. No. 169. The Court explained in some detail at the conference its view as to the limited use of Notices to Admit, which are not in fact intended to be a discovery device. *Williams v. City of Albany*, 2019 WL 4071777 (N.D.N.Y. Aug. 28, 2019). After that discussion, Mr. Oliver determined that he would not be making a motion on this issue, and therefore withdraws his request.

Finally, there was a question at the conference regarding the procedure for conducting the deposition of Defendant Webbs' expert, Dr. Robin Mogul. The doctor is apparently requesting a flat fee of approximately $14,000 prior to testifying. Mr. Oliver indicates that he only wants to question Dr. Mogul about factual issues, and therefore should not have to pay her at all. The Court agrees that a reasonable fee should be paid to any expert being deposed, whether that is Dr. Mogul, or the Oliver's expert. *See* FED. R. CIV. P. 26(b)(4)(E) ("[u]nless manifest injustice would result, the court must require that the party seeking discovery ... pay the expert a reasonable fee for time spent in responding to discovery."). For further information on that process and the standards that apply, the Court directs the parties to the case of *Heiser v. Collorafi*, 2016 WL 1559592, at *1 (N.D.N.Y. Apr. 18, 2016). The Court notes that flat fees for expert witnesses are generally disfavored. *Id*.

**WHEREFORE**, it is hereby

**ORDERED**, that Defendant Oliver's Second Motion to Compel Discovery (Dkt. No. 151) is GRANTED IN PART AND DENIED IN PART as set forth above, and it is further

**ORDERED**, that the Webb Defendants' Discovery Motion (Dkt. No. 156) is GRANTED IN PART AND DENIED IN PART as set forth above; and it is further

**ORDERED**, that Defendant Oliver's Motion to serve interrogatories in excess of the 25-limit found in the Federal Rules (Dkt. No. 159) is DENIED; and it is further

**ORDERED**, that Defendant Oliver's request for permission to make a motion regarding the alleged inadequacies of the Webbs' responses to the Notices to Admit (Dkt. No. 169), is hereby WITHDRAWN; and it is further

**ORDERED**, that on or before January 21, 2022, the Olivers and the Webbs will provide to the Court the documents identified at the conference for an *in camera* review; and it is further

**ORDERED**, that Defendant Webb's letter request for permission to file a motion for summary judgment (Dkt. No. 171) is DENIED AT THIS TIME, WITH LEAVE TO RENEW the request at the close of discovery; and it is further

**ORDERED**, that Defendant Oliver's Motion to amend the Scheduling Order in this matter (Dkt. No. 164) is hereby GRANTED, and the UPSO is adjusted as follows: the deadline to complete all expert and factual discovery is extended until April 30, 2022, and the deadline to file dispositive motions is extended to June 17, 2022, and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: January 18, 2022
    Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge