UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

METROPOLITAN LIFE INSURANCE,

                      Plaintiff,

      v.                                      1:20 -CV-1351
                                                      (MAD/DJS)

DAVID M. OLIVER, *et al.*,

                      Defendants.
_____

**DANIEL J. STEWART**
**United States Magistrate Judge**

### ORDER

As part of this Court's most recent Discovery Order (Dkt. No. 175), the parties were directed to submit to chambers for an *in camera* review certain disputed discovery material. The Court would then review the material and make a determination regarding its proportional relevancy and, if applicable, whether the material is covered by a recognized privilege. To date, certain of the parties have complied with the directive of the Court. Upon review of the documents submitted to date, the Court rules as follows:

    I.    **Carol Oliver**. The Court has reviewed documents Bates stamped CLO-1 through CLO-9, and determines that none of the documents need be disclosed, as none are proportionally relevant to the needs of the case.

    II.    **James Oliver**. Submitted to the Court by Mr. James Oliver were documents Bates stamped 03-77. Upon review, the Court concludes that the vast majority of the documents supplied for review are protected by the attorney-client or work-product privilege, or are not proportionally

relevant to the needs of the case. The Court therefore directs that only the following documents be disclosed, insofar as they have not already been exchanged:

a. Letter of Dr. Goldberg dated December 11, 2013. **Bates 10-11**.

b. The PDF attachments to the email from Jim Oliver to Will Nolan dated May 10, 2019 and identified on **Bates 52.** (Note: the email itself is privileged and need not be disclosed).

c. Signed letter to Linda Teller, Metropolitan Life Insurance Company, dated October 11, 2019. **Bates 65-66**.

III. **Barbara Forth**.

With regard to Mrs. Forth, only certain documents were submitted for review. In particular, the Court received Bates BOF 01-19; 69-91; 101-108; 117; 123-176; 194-222; 247-270; 544; 574; 588; 604; 620-622; 639-646. The cover letter accompanying these documents indicated that a privilege log was included, but in fact it was not attached.[1] Nevertheless, a review of the documents submitted was conducted and the Court concludes that the above-identified documents need not be produced, with the exception of the following:

a. Purported note by healthcare provider to decedent. **BOF-102**.

---

[1] Mrs. Forth indicates that she has the remaining documents and they be submitted via Dropbox. While that option is not possible for security reasons, the remaining documents can be submitted to the Court in hard copy form, or on a USB drive. That additional submission should occur within seven days.

      b. List of items.  **BOF-103**.

      c. Photo of Paul Webb.  **BOF-167**.

      d. Affidavit of David Webb, dated July 17, 2018.  **BOF-252-268**.

IV. **David Oliver**.  No documents were submitted.

V. **The Webb Defendants**.  Attorney Gary Lewis provided a response for the Webb Defendants, which included a privilege log with five separate Exhibits (Exhibits B-F).  As noted in Attorney Lewis's letter, all objections as to Exhibits D and F have been withdrawn, leaving the only outstanding issues as to the remaining Exhibits. The Court has reviewed those documents and rules as follows:

      a. **Exhibit B**. Bates Robinson 01-02.  This document consists of a letter from Attorney Coan to his client, Paul Webb, II, and a memorandum regarding a visit with Mr. Webb on September 5, 2001.  Based upon a review of the document, and considering the information provided to date, the Court finds that these two documents are covered by the attorney-client privilege, and no waiver of that privilege has been established.

      b. **Exhibit C**. **Bates Webb 64-79**. These documents are the reports of three examining committee members regarding their examination of Paul Webb, II, conducted in early May 2016, in connection with the guardianship matter then pending in the Florida Circuit Court, Orange

3

County. The Court finds that these documents are potentially and proportionally relevant, and/or may lead to relevant evidence, and directs that they be provided to the Oliver Defendants. Whether or not these examinations are admissible at trial regarding the Decedent's competency in December 2015, is a determination to be made by the trial court judge.

c. **Exhibit E**. Bates Frost 001-250. Upon the Court's review, it is determined that the vast majority of the Frost documents are protected by the attorney-client and/or work-product privilege. With regard to the nonprivileged documents, and to the extent that copies of the following documents have not already been provided, they should be disclosed at this time:

  i. **Frost 33-38**. Will of Paul Webb, II, dated October 23, 2015.

  ii. **Frost 39-44**. Durable Power of Attorney of Paul Webb, II, dated October 23, 2015.

  iii. **Frost 64**. Signed Affidavit of Paul Webb, II, dated November 11, 2015.

  iv. **Frost 66**. Letter from Patricia Seaman dated November 5, 2015.

  v. **Frost 75-88, 101-120**. L.L. Bean Visa card records.

  vi. **Frost 90**. Receipt and Release of Paul Webb, II, dated June 19, 2015.

      vii. **Frost 91**. Photo of Paul Webb, II.

      viii. **Frost 95-99**. Copy of checks.

**WHEREFORE**, it is hereby

**ORDERED**, that the Bates stamped documents identified above in **bold** and found by the Court to be nonprivileged and proportionally relevant, shall be supplied to the requesting party within seven (7) days of the date of this Order; and it is further

**ORDERED**, that Defendant David Oliver is directed to provide any responsive documents which he possesses or has control of for an *in camera* review within seven (7) days of this Order; and it is further

**ORDERED**, that Defendant Barbara Forth shall supply the Court with the documents missing from her initial submission either in hard copy or on a flash drive within seven (7) days of the date of this Order; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: January 31, 2022
      Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge